# UNITED STATES DISTRICT COURT

| NORTHERN | District of | IOWA |
|---|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>RUSSELL ALBERT SHAFFER | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:      CR99-1009<br>David E. Mullin<br>Defendant's Attorney |

FILED
CEDAR RAPIDS HDQTRS OFFICE
NORTHERN DISTRICT OF IOWA
MAR 2 0 2001  *8:30*
By: _____
Deputy

**THE DEFENDANT:**

■ pleaded guilty to count(s)   1 of the 1-count 07/28/1999, Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846,<br>841(a)(1) &<br>841(b)(1)(B) | Conspiracy to Manufacture & Distribute More Than 5 Grams of Actual Methamphetamine | January 1999 | 1 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | March 19, 2001<br>Date of Imposition of Judgment |
| Defendant's Date of   04/30/1961 | |
| Defendant's USM No.:   08122-029 | _____<br>Signature of Judicial Officer |
| Defendant's Residence Address: | |
| 5 Remington Park Circle | |
| | Michael J. Melloy, U.S. District Judge |
| East Dubuque, Ill. 61025 | Name and Title of Judicial Officer |
| | 3/19/200'<br>Date |

Defendant's Mailing Address:

as above.   Copies mailed on MAR 2 0 2001
to counsel of record or pro se
parties as shown on the docket
sheet. USm, USP

DEFENDANT:         RUSSELL ALBERT SHAFFER
CASE NUMBER:       CR99-1009

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of    132 months                          .

■    The court makes the following recommendations to the Bureau of Prisons:
that defendant participate in the BOP 500 hour Residential Drug Treatment Program and that he be placed at FCI Oxford, WI., or FCI Waseca, MN.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____    ☐ a.m.    ☐ p.m.    on    _____ .

    ☐    as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on    _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on    _____    to    _____

at    _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By    _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        RUSSELL ALBERT SHAFFER
CASE NUMBER:      CR99-1009

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    4 years

 

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

future substance abuse.

■    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        RUSSELL ALBERT SHAFFER
SE NUMBER:        CR99-1009

## SPECIAL CONDITIONS OF SUPERVISION

1.   You shall participate in a program of testing bodily fluids and functions and treatment for drug and alcohol abuse as directed by your probation officer, until such time as you are released from the program by your probation officer.

2.   You are prohibited from the use of alcohol and are prohibited from frequenting bars, taverns or other establishments whose primary source of income is derived from the sale of alcohol.

3.   You shall pay any restitution amount remaining upon your release from incarceration. Your probation officer shall establish and may periodically modify the payment schedule provided the entire financial penalty is paid no later than the termination of supervision, but in no event not later than 5 years after release from incarceration.

DEFENDANT:        RUSSELL ALBERT SHAFFER
CASE NUMBER:      CR99-1009

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|--------------|--------|---------------|
| **TOTALS** | $ 100.00 | $ | $ 825.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|-----------------------------------------|
| Dubuque Drug Task Force | $825.00 | $825.00 | |

| **TOTALS** | $ 825.00 | $ 825.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ■ the interest requirement is waived for the   ☐ fine and/or   ■ restitution.

   ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        RUSSELL ALBERT SHAFFER
CASE NUMBER:      CR99-1009

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    ☐    Lump sum payment of $ _____ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with    ☐   C,    ☐   D, or    ☐   E below; or

**B**    ■    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ E below); or

**C**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Special instructions regarding the payment of criminal monetary penalties:

.less the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

       Defendant Name, Case Number, and Joint and Several Amount:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:     RUSSELL ALBERT SHAFFER
CASE NUMBER:     CR99-1009

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

■ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

the court adopts the second addendum to the presentence report filed 03/16/01.

**Guideline Range Determined by the Court:**

Total Offense Level:     32

Criminal History Category:     I

Imprisonment Range:     121     to     151     months

Supervised Release Range:     4     to     5     years

Fine Range:  $  17,500     to  $  2,000,000

Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:     $     825.00

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT:    RUSSELL ALBERT SHAFFER
CASE NUMBER:    CR99-1009

# STATEMENT OF REASONS

☐    The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

■    The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

the conduct in this case is more serious due to defendant's fugitive status and engaging in very serious continuing criminal conduct while a fugitive.

## OR

☐    The sentence departs from the guideline range:

☐    upon motion of the government, as a result of a defendant's substantial assistance, or

☐    for the following specific reason(s):

_____    3-19-01    _____    3-19-01
U.S. Probation Officer        Date        Ass't U.S. Attorney        Date